IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:19-CV-91-D

ALICE TATE,
)
)
Plaintiff, )
)
v. ) **ORDER**
)
CAMP LEJEUNE, )
)
Defendant. )

On March 13, 2020, Alice Tate ("Tate" or "plaintiff"), proceeding pro se, filed a motion that the court interprets as a motion for reconsideration [D.E. 17]. The defendant did not respond.

The court does not analyze Tate's motion under Federal Rule of Civil Procedure 59(e) because it is untimely under that rule. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); see Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). On December 30, 2019, the court granted defendant's motion to dismiss and entered judgment. See [D.E. 15, 16]. Thus, January 27, 2020, was Tate's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a) (explaining computation of time); Bolden v. McCabe. Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished) ("[T]he time to file a Rule 59(e) motion begins to run on the date when an order disposing of the motion is entered."), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). The court cannot extend the time for filing a Rule 59(e) motion. See Fed. R. Civ. P. 6(b)(2); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Accordingly, Tate's motion is untimely under Rule 59(e). Cf. Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam).

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final

judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens, 652 F.3d at 500 (quoting Fed. R. Civ. P. 60(b)). Under Rule 60(b), a movant first must demonstrate that her motion is timely, that the movant has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, she must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Tate does not articulate and cannot prove a threshold showing under Rule 60. Cf. [D.E. 17] 1–3. Even if the court assumes that Tate establishes the threshold conditions, Tate cannot demonstrate any of the six grounds for relief under Rule 60(b). See, e.g., Robinson, 599 F.3d at 412–13. Accordingly, the court denies Tate's motion.

In sum, plaintiff's motion [D.E. 17] is DENIED.

SO ORDERED. This **15** day of May 2020.

                                                    _/s/ Dever_
                                                JAMES C. DEVER III
                                                United States District Judge